UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joseph Church, on behalf of himself and all others similarly situated, ) ) | Case No. 2:18-cv-18-RMG |
| Plaintiff, ) ) | **CLASS ACTION COMPLAINT** |
| v. ) ) | (Jury Trial Demanded) |
| Hotels.com L.P.; Expedia, Inc., Travelscape, LLC, ) Reservations Technologies, Inc., d/b/a ) Reservations.com, ) ) | |
| Defendants. ) | |

Plaintiff Joseph Church ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendants Hotels.com L.P. ("Hotels.com"), Expedia, Inc. ("Expedia"), Travelscape, LLC ("Travelscape"), and Reservations Technologies, Inc., d/b/a Reservations.com ("Reservations.com") (collectively, "Defendants"), and states as follows:

1. This is a class action regarding Defendants illegally overcharging "Tax & Fees."

2. Reservations.com operates a booking website at www.reservations.com (the "Website") that sells hotel room reservations.

3. Plaintiff brings this action on behalf of a nationwide class of all similarly situated individuals and entities who have booked and paid for hotel rooms using the Website.

4. Plaintiff has suffered actual damages and economic losses as a direct result of Defendants' wrongful acts. Plaintiff, on behalf of himself and the proposed class, hereby seeks recompense for those damages, attorneys' fees and costs, restitution, all other relief deemed appropriate under the causes of action asserted herein, and any further relief the Court deems just and proper.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C § 1332(d): the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000; this case is a class action in which at least some members of the proposed class have a different citizenship from Defendants; and there are more than 100 putative class members.

6. The District of South Carolina has personal jurisdiction over Defendants because Defendants conduct substantial business in this District.

7. Venue is proper in the District of South Carolina under 28 U.S.C. § 1391(b)(2) or (3).

## PARTIES

8. Plaintiff is and, at all times relevant hereto, has been a resident of Charleston County, South Carolina.

9. Reservations.com is a Delaware corporation with it principal place of business at 390 N. Orange Ave., Ste. 1515, Orlando, Florida 32801. The Website is an online hotel booking website that claims to offer bookings at 150,000 hotels around the world. Reservations.com indicates on the Website that it has a "partnership" with Expedia.

10. Expedia, Inc. is a publicly traded company headquartered in Bellevue, Washington.

11. Hotels.com, L.P. is a Texas limited partnership, headquartered in Dallas, Texas. Hotels.com is a subsidiary of Expedia.

12. Travelscape, LLC does business as Expedia Travel, and is headquartered in Las Vegas, Nevada. Travelscape is a subsidiary of Expedia.

**STATEMENT OF FACTS**

13. On the Website, Reservations.com claims it will help consumers make the "best decisions on your upcoming Hotel Reservations" using the "simple yet informative site":

> We help you make best decisions on your upcoming Hotel Reservations. We understand that life is an experience, and we aim to help our users to create as many as they can in a simple yet informative site, and with thousands of hotels to choose from, we make landing the accommodation of your dreams as easy as one click.

14. On information and belief, the Website receives its hotel reservations data from Expedia and its subsidiaries.

15. Defendants charge consumers a $14.99 service fee for each booking made on the Website and illegally over-charge for taxes and local government fees and retain the overcharge as additional revenue.

16. When a customer uses the Website to book a hotel room, full payment is charged to the customer's credit card immediately upon booking the room. On the Website before checking out, the charges are broken into three categories: a "Room Subtotal," the "Tax & Fees," and the "Service Fee."

17. The "Room Subtotal" is the base room charge excluding taxes and fees.

18. The "Service Fee" is a $14.99 fee for each booking made on the Website charged "in exchange for the services [Reservations.com] provide[s] in facilitating [the] transaction with the hotel supplier." The "Service Fee" is processed as a separate charge on the customer's credit card by Reservations.com.

19. The "Tax & Fees" are ostensibly charged for the taxes, fees, and other charges that the hotel must pay to the government:

3

> The taxes are tax recovery charges **we pay to our vendors**. We retain our service fees and compensation in servicing your travel reservation. **Amounts displayed in the Taxes and Fees line for prepaid hotel transactions include an estimated amount we expect the hotel to bill for applicable taxes, government fees, and other charges that the hotels must pay to the government**. Please note that you may also incur other charges that we do not collect and are not included in the quotes price, such as hotel resort fees, hotel energy surcharges, parking fees, pet fees, and incidental charges. These amounts will be collected from you directly by the hotel unless otherwise indicated on the site.

(emphasis added).

20.  On information and belief, after processing payment, instead of remitting to the hotel as indicated on the Website, in certain jurisdictions Expedia pays the required taxes directly to the local governments.[1]

21.  On information and belief, Defendants[2] remit the correct amount of taxes and fees to the hotel or appropriate government(s), and Defendants illegally retain the overcharges.

22.  While Defendants remit the correct amount of taxes and fees to the hotel or appropriate government(s), the amount Defendants charge customers in "Tax & Fees" is routinely significantly more than the sum owed to the government for "applicable taxes, government fees, and other charges that the hotels must pay to the government."

23.  On information and belief, Expedia and its subsidiaries have at all relevant times engaged and continue to engage in this scheme to unlawfully collect overcharges of taxes and fees

---

[1] According to the 10-K Expedia filed with the United States Securities and Exchange Commission, those jurisdictions include the states of New York, South Carolina, North Carolina, Minnesota, Georgia, Wyoming, Oregon, Rhode Island, Montana, and Maryland, the District of Columbia and the city of New York. Expedia, Inc. Form 10-K for fiscal year ending Dec. 31, 2015 at 54, *available at* https://www.sec.gov/Archives/edgar/data/1324424/000119312516457822/d104083d10k.htm#toc104083_8.

[2] In Charleston County, for example, Defendants Hotels.com and Travelscape remit accommodations tax payments. The owner of Hotels.com is listed as Travelscape, and the contact for both Hotels.com and Travelscape has an Expedia.com e-mail address.

through online travel agents, including, but not limited to, Reservations.com. On further information and belief, Reservations.com has, at all times relevant hereto and continuing through the present, been a knowing and willing participant in this scheme with Expedia and its subsidiaries.

24.     On information and belief, Defendants know or should know the correct amount of taxes and fees owed to the appropriate government(s) in each jurisdiction.

25.     Plaintiff used the Website on June 4, 2017, to book a room for a family vacation. Plaintiff booked a room with two queen beds at the Hyatt Regency Orlando for two nights with a Check-In Date of Monday, June 5, 2017 and a Check-Out Date of Wednesday, June 7, 2017.

26.     Plaintiff was charged $14.99 for the Service Fee, $518.30 for "Room, 2 Queen Beds, Accessible, Bathtub," and $108.68 for "Tax & Fees."

27.     On information and belief, the total applicable taxes, government fees, and other charges that must be paid to the government for Plaintiff's reservation totaled $69.97 (13.5%) and, therefore, Plaintiff was overcharged approximately $38.71.

28.     Defendants charged Plaintiff's credit card the $14.99 Service Fee on June 4, 2017. This charge was attributed to "WWW.RESERVATIONS.COM WWW.RESERVATI FL" on Plaintiff's credit card statement.

29.     The same day, Defendants separately charged Plaintiff's credit card $626.98 for the "Room" charge and the "Tax & Fees." This charge was attributed to "HOTEL*RESERVATIONS.COM 877-903-0071 WA" on Plaintiff's credit card statement. According to Hotels.com's website, the phone number provided in the transaction line of the credit card statement is answered by Hotels.com's Customer Service. On information and belief, the "WA" refers to Washington, where Expedia's headquarters is located.

5

30. To summarize, Plaintiff was charged a total of $641.97 for this reservation. On information and belief, Plaintiff's payment was divided as follows.

- $14.99 Service Fee paid to Reservations.com
- $518.30 Room charge divided between Hyatt and Defendants
- $69.97 taxes paid by Defendants to appropriate government(s)
- $38.71 illegally retained by Defendants as extra revenue

31. On information and belief, a similar overcharge for taxes and fees is applied to nearly every reservation booked on the Website, and the Defendants are illegally retaining millions of dollars in overcharges annually.

## CLASS ALLEGATIONS

32. Plaintiff brings this class action on behalf of himself and all other similarly situated class members under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, and seeks to certify the following multi-state class:

> All individuals and entities who booked and paid for a hotel room reservation using the Website from January 1, 2014 through the present and who were charged more for "Tax & Fees" than Defendants paid to the government or hotel for taxes, government fees, and other charges associated with the reservation.

Excluded from the class are Defendants and their past and present officers, employees, agents or affiliates; the judge, magistrate, and any special master to whom this case is assigned, and any member of their immediate families; and any attorneys who enter their appearance in this action.

33. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

34. <u>Numerosity</u>. According to the Website, Reservations.com has booked two million room nights for one million customers. Accordingly, the class described above is so

numerous that joinder of all members is impracticable. The disposition of the individual claims of the respective class members will benefit the parties and the Court and will facilitate judicial economy.

35. <u>Ascertainability</u>. The class members are ascertainable through records kept by Defendants. Plaintiff and class members were required to input their personal and financial information into the Website.

36. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the members of the class. The claims of each class member arise from the same course of conduct: Defendants' illegal scheme to over-charge for taxes and fees while retaining the overcharge. The claims of Plaintiff and class members are based on the same legal theories and arise from the same unlawful conduct.

37. <u>Existence and Predominance of Common Questions of Law and Fact</u>. This action involves common questions of law and fact that predominate over any questions affecting individual class members. These common questions include, but are not limited to, the following:

    a. Whether Defendants charged and collected from Plaintiff and class members "Tax & Fees" in excess of the tax and fees owed to the appropriate governments for reservation transactions;

    b. Whether Defendants knew or should have known the correct amount of "Tax & Fees" to be collected from Plaintiff and class members for remittance to the appropriate government(s) for reservation transactions;

    c. Whether Defendants owed duties to Plaintiffs and the class members, the scope of those duties, and if they breached those duties;

    d. Whether Defendant's conduct constitutes violation of the law asserted herein;

    e. The extent of damages caused by Defendants' acts and omissions, and whether Plaintiff and the class members are entitled to relief.

38.     <u>Adequacy of Representation</u>.  Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class members.  Plaintiff will fairly, adequately, and vigorously represent and protect their interests, and Plaintiff has no interest antagonistic to the class members.  Plaintiff has retained counsel who are competent and experienced in class action litigation and who possess specific expertise in consumer class actions.

39.     <u>Superiority</u>.  The nature of this action and the nature of laws available to Plaintiff and the class make the use of a class action a particularly efficient and appropriate procedure to afford relief for Plaintiff and the class for the wrongs alleged.  The damages or other financial detriment suffered individually by Plaintiff and each class member is relatively modest compared to the burden and expense that individual litigation of their claims against Defendants would entail.  It would thus be virtually impossible for Plaintiff and class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Absent class action litigation, class members would not likely recover damages, or would not likely have the chance to recover damages, and Defendants would be permitted to retain the converted proceeds of its fraudulent and deceptive misdeeds.

40.     <u>General Applicability</u>.  Defendants' conduct in charging and collecting amounts as "Tax & Fees" on hotel bookings in amounts exceeding the known applicable taxes and fees is generally applicable to the class as a whole, making certification appropriate.

## COUNT I
**(Breach of Contract)**

41.     The allegations contained in the previous paragraphs are incorporated by reference.

42. Plaintiff brings this claim under the laws of South Carolina and all similar state laws.

43. Defendants charged "Tax & Fees" to Plaintiff and class members that it claimed would be applied for a particular purpose:

> The taxes are tax recovery charges **we pay to our vendors**. We retain our service fees and compensation in servicing your travel reservation. **Amounts displayed in the Taxes and Fees line for prepaid hotel transactions include an estimate amount we expect the hotel to bill for applicable taxes, government fees, and other charges that the hotels must pay to the government**. Please note that you may also incur other charges that we do not collect and are not included in the quotes price, such as hotel resort fees, hotel energy surcharges, parking fees, pet fees, and incidental charges. These amounts will be collected from you directly by the hotel unless otherwise indicated on the site.

(emphasis added).

44. The "Tax & Fees" charged were not applied in the manner described by Defendants. Although Defendants represented the entirety of the "Tax & Fees" to be monies owed "to the government," on nearly every transaction the amount paid by the consumer for "Tax & Fees" was more than the amount Defendants remitted to the hotels or in some cases, directly to the government.

45. Thus, Plaintiff and the class members were deceived when they agreed to pay the "Tax & Fees" with the understanding that the amount charged reflected unavoidable government taxes and fees.

46. Upon information and belief, Defendants knew or should have known the correct amount of taxes and fees to charge on each transaction at issue.

47. Defendants had no legal basis to charge Plaintiff and the class members more for "Tax & Fees" than the amount owed to the government(s) and retain the overcharge as extra

revenue. The failure to return the substantial overcharges to Plaintiff and the class members was in violation of the covenant of good faith and fair dealing implicit in every contract.

48. By the above conduct, Defendants breached their contracts with Plaintiff and the class members.

49. Plaintiff and the class members have all suffered damages and are entitled to an award for all actual damages.

## COUNT II
### (Constructive Trust)

50. The allegations contained in the previous paragraphs are incorporated by reference.

51. Plaintiff brings this claim under the laws of South Carolina and all similar state laws.

52. Due to accident, mistake of fact, or fraud, a large portion of the "Tax & Fees" Defendants charged and collected from Plaintiff and class members was in excess of any monies due to any government as a result of the reservation. Upon information and belief, Defendants remitted the correct amount of taxes and fees to the hotels or appropriate government(s) and retained the overcharge as extra revenue.

53. As such, it would be inequitable to allow Defendants to retain any "Tax & Fees" collected in excess of the amount remitted to the appropriate government(s) for any reservation transaction.

54. There is no adequate remedy at law.

55. Equity and justice therefore demand the surplus collected by Defendants to be placed in a constructive trust for the benefit of Plaintiff and class members.

## COUNT III
### (Unjust Enrichment)

56. The allegations contained in the previous paragraphs are incorporated by reference.

57. Plaintiff brings this claim under the laws of South Carolina and all similar state laws.

58. By overcharging Plaintiff and class members for "Tax & Fees" in the manner described above, Defendants received funds to which they have no legal right.

59. To the extent Defendants retained, improperly distributed, or otherwise benefitted from collecting these funds, Defendants have been unjustly enriched at the expense of Plaintiff and class members.

60. Because the overcharged amount rightfully belongs to Plaintiff and class members, retention of these funds by Defendants is inequitable.

61. There is no adequate remedy at law.

62. Therefore, equity and fairness demand that Defendants return the unlawfully collected funds to Plaintiff and the class members.

## COUNT IV
### (Conversion and Misappropriation)

63. The allegations contained in the previous paragraphs are incorporated by reference.

64. Plaintiff brings this claim under the laws of South Carolina and all similar state laws.

65.     Defendants have no authority to charge and collect "Tax & Fees" amounts in excess of the tax and fees owed to the appropriate government(s) for each reservation transaction; they are certainly not entitled to retain the overcharges as extra revenue.

66.     Thus, Defendants' collection of overcharged "Tax & Fees" constitutes a conversion and misappropriation of funds belonging to Plaintiff and the class members.

67.     On information and belief, the conversion and misappropriation of these funds is illegal, unjustified, intentional, and deliberate. Defendants' conduct is, at a minimum, indicative of wanton and reckless neglect.

68.     Accordingly, Plaintiff and class members are entitled to actual and punitive damages as determined by a jury at trial.

WHEREFORE, Plaintiff, on behalf of himself and the other members of this class, requests that this Court award relief against Defendants as follows:

   a.   An order certifying the class and designating Plaintiff as the Class Representative and his below counsel as Class Counsel;

   b.   Awarding Plaintiff and the class members actual and punitive damages as alleged herein;

   c.   Awarding attorneys' fees and costs; and

   d.   For such other and further relief as the Court may deem necessary or appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 3, 2017

Respectfully Submitted,

s/John P. Linton, Jr.
Ian W. Freeman (Fed. ID No. 9416)
John P. Linton, Jr. (Fed. ID No. 11089)
**WALKER, GRESSETTE, FREEMAN & LINTON, LLC**
P.O. Drawer 22167
Charleston, SC 29413
Tel: 843-727-2200
E-mail: freeman@wgfllaw.com
E-mail: linton@wgfllaw.com

James L. Ward, Jr. (Fed. ID No. 6956)
Ranee Saunders (Fed. ID No. 12713)
**MCGOWAN, HOOD & FELDER, LLC**
321 Wingo Way, Suite 103
Mt. Pleasant, SC 29464
Tel: 843-388-7202
E-mail: jward@mcgowanhood.com
E-mail: rsaunders@mcgowanhood.com

ATTORNEYS FOR PLAINTIFF