IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joseph Church, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) Hotels.com L.P.; Expedia, Inc., Travelscape, LLC, Reservations Technologies, Inc. d/b/a/ Reservations.com; Benjamin & Brothers, LLC d/b/a/ Reservations.com ) ) ) ) ) ) Defendant. ) ) | Civil Action No. 2:18-0018-RMG **ORDER** |

Before the Court is a motion to dismiss brought by Defendants Reservations Technologies, Inc. (d/b/a Reservations.com) and Benjamin & Brothers, LLC (d/b/a Reservations.com) (collectively, "Reservations.com" or "Defendants") (Dkt. No. 14.) For the reasons set forth below, the motion is granted.

I.  **Background**

In June 2017, Plaintiff Joseph Church used hotel booking website Reservations.com to purchase two nights in a guest room at the Hyatt Regency Orlando Hotel. (Dkt. No. 5 ¶ 27.) Plaintiff incurred credit card charges for the "Room Subtotal," Reservations.com's "Service Fee," and "Tax & Fees." (*Id.* ¶ 28.) Reservations.com states "Tax & Fees" are "an estimated amount we expect the hotel to bill for applicable taxes, government fees, and other charges that the hotels must pay to the government." (*Id.* ¶ 21.) To make a transaction, the Reservations.com website prompts a customer to select the desired hotel room and enter payment information into a form, at the bottom of which is a button labeled "Confirm Reservation." (Dkt. No. 19 at 4.) Next to the "Confirm Reservation" button is a paragraph of text stating, "Your information is

protected and SSL encrypted secure. By clicking the 'Complete Reservation' button you agree to our Terms of Service and hotel room cancellation policy." (Dkt. No. 19, Ex. 2 at 6.) The phrase "Terms of Service" is hyperlinked to a webpage containing the Reservations.com "Terms of Service and Dispute Resolution ('Agreement')," which contains a provision titled "Mandatory Arbitration" requiring both parties to submit "Any and all claims" to "binding arbitration, rather than in court" unless the claim may be brought in small claims court. (Dkt. No. 14, Ex. 2.)

Plaintiff alleges that Reservations.com knowingly charged him $108.68 in "Tax & Fees," that the correct cost was $69.97, and that Reservations.com knowingly kept the excess $38.71. (Dkt. No. 5 ¶¶ 29, 33.) Plaintiff alleges Reservations.com has done the same for "nearly every reservation booked on the website, and [is] illegally retaining millions of dollars in overcharges annually." (*Id.* ¶ 33.) Reservations.com has moved to dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction, improper venue or *forum non conveniens*, or to stay the action pending arbitration. (Dkt. No. 14.)

## II. Legal Standard

The Federal Arbitration Act ("FAA") gives the Court the power to stay a proceeding "if satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3. "This stay-of-litigation provision is mandatory [and the] district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (applying 9 U.S.C § 3 where existence of arbitration agreement in dispute); *see also Sittner v. Cnty. Club, Inc.*, No. 4:15-CV-05043-RBH, 2016 WL 3753224, at *4 (D.S.C. July 13, 2016) ("A district court is required to stay litigation where a valid arbitration agreement exists between the parties and the issues in the case are covered by the arbitration agreement.").

The FAA applies where there is "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991). Regarding the second element, the party seeking to arbitrate bears the burden of demonstrating the existence of an agreement to arbitrate. *See, e.g., Minnieland Private Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 867 F.3d 449, 456 (4th Cir. 2017). "Challenges to . . . the very existence of the contract must be resolved by the court" and not the arbitrator. *Wiand v. Schneiderman*, 778 F.3d 917, 924 (11th Cir. 2015). To identify a contract, the district court looks to the state law governing contract formation. *See, e.g., Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 501 (4th Cir. 2002) ("Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation."). An agreement is formed where there is offer, acceptance and consideration, as well as sufficient specificity of essential terms such as price. *See, e.g., Mitchell v. Precision Motor Cars Inc.*, No. 8:17-cv-376-T-24AAS, 2017 WL 1361528, at *2 (M.D. Fla. Apr. 14, 2017) (examining whether agreement to arbitrate was formed under Florida law to enforce FAA). If an agreement to arbitrate is demonstrated, the Court will enforce the agreement absent a countervailing reason to deem it unenforceable. *See* 9 U.S.C. § 2 ("A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.").

The Fourth Circuit has held that if all of the claims asserted in a complaint are subject to arbitration, dismissal of the complaint is "an appropriate remedy." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."). The Fourth Circuit has noted the inconsistency between its opinions on this issue. *See, e.g., Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012) ("There may be some tension between our decision in *Hooters*—indicating that a stay is required when the arbitration agreement 'covers the matter in dispute'—and *Choice Hotels*—sanctioning dismissal 'when all of the issues presented . . . are arbitrable.'"). It has also noted that the circuits are divided on this question, which it has not resolved for this Circuit. *Id.*

### III. Discussion

Plaintiff argues that his claims are not subject to arbitration because an agreement to arbitrate never existed. Specifically, Plaintiff contends that he never agreed to arbitration because "nothing [on the Reservations.com website] requires a potential purchaser to click on the Terms of Service or to accept those terms as part of making a reservation . . ." (Dkt. No. 19 at 14.) This argument is without merit. As an initial matter, the customer is indeed required to "accept those terms of part of making a reservation," as reflected in the check-out page disclaimer that states, "By clicking the 'Complete Reservation' button you agree to our Terms of Service." In any event, to the extent Plaintiff argues that he was not given sufficient notice of the Terms of Service,[1] the type of agreement implemented by Reservations.com has been found enforceable. Reservations.com implements a hybrid between a clickwrap and browsewrap

---

[1] Plaintiff seems to contend that the notice he was given was insufficient due to the size and color of the disclaimer's font; however, the hyperlinked disclaimer is presented in the same "small gray font on a light gray background" (Dkt. No. 19 at 3) as is the payment information that Plaintiff himself typed.

agreement: by expressly agreeing to click and "Complete Reservation," the consumer is impliedly agreeing to the Terms of Service, of which he is put on sufficient notice by the clear hyperlinked disclaimer directly adjacent to the "Complete Reservation" button.[2] Hybrid agreements almost identical to that here have been found enforceable as providing adequate notice of the Terms of Service. *See, e.g.*, *Van Den Heuvel v. Expedia Travel*, No. 2:16-cv-00567, 2017 WL 5133270, at *2-3 (E.D. Ca. Nov. 6, 2017) (disclaimer directly above "Complete Booking" button states, "By selecting to complete this booking I acknowledge that I have read and accept the . . . Terms of Use [hyperlinked]"); *Crawford v. Beachbody, LLC*, No. No. 14cv1583-GPC(KSC), 2014 WL 6606563, at *3 (S.D. Ca. Nov. 5, 2014) (disclaimer directly above "Place Order" button states, "By clicking *Place Order* below, you are agreeing that you have read and understand the Beachbody Purchase Terms and Conditions [hyperlinked]"). With sufficient notice of the Terms of Service, Plaintiff then assented to them by affirmatively clicking to "Complete Reservation."

Having found the existence of an agreement between Plaintiff and Reservations.com, the Court also finds that Plaintiff's claims fall within the arbitration provision. The language of this arbitration provision creates a broad scope of arbitrability. *See, e.g.*, *Gray v. Talking Phone Book*, No. 8:08-cv-01833-GRA, 2008 WL 11348324, at *1 (D.S.C. Aug 7, 2008) (granting motion to dismiss where arbitration clause encompassed "any controversy or claim arising out of or relating to this Agreement"). Plaintiff's claims for breach of contract, conversion and unjust enrichment are "arising out of or relating to" the Terms of Service governing the transaction at issue.

---

[2] For this reason, *Specht v. Netscape Commc'ns. Corp.*, 306 F.3d 17 (2d Cir. 2002) is inapposite because Reservations.com did not require Plaintiff scroll down past the "Complete Reservation" button to "encounter an invitation to review and agree to the terms." (Dkt. No. 19 at 17.) The Terms of Service for this purchase are directly above the "Complete Reservation" button.

Because the entire dispute is within the scope of the arbitration clause, the Court dismisses the complaint without prejudice under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

## IV. Conclusion

For the foregoing reasons, Defendants Reservations Technologies, Inc.'s (d/b/a Reservations.com) and Benjamin & Brothers, LLC's (d/b/a Reservations.com) motion to dismiss (Dkt. No. 14) is **GRANTED**. The Court **ORDERS** Plaintiff and Reservations Technologies, Inc. and Benjamin & Brothers, LLC to arbitrate their dispute in accordance with the Terms of Service. All claims against Reservations Technologies, Inc. and Benjamin & Brothers, LLC are **DISMISSED WITHOUT PREJUDICE.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 26, 2018
Charleston, South Carolina